**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON ANDREW SMITH, | No. 18-15492 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01662-LJO-MJS |
| v. | |
| JOHAL, Doctor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jason Andrew Smith, a California state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging Eighth Amendment claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Smith failed to exhaust administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also* Cal. Code Regs. tit. 15 §§ 3084.1(b), 3086(i) ("Administrative remedies shall not be considered exhausted to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602" and "[a]n inmate['s] . . . documented use of a Request for Interview, Item or Service form does not constitute exhaustion of administrative remedies").

The district court did not abuse its discretion in granting defendant's motion to stay discovery unrelated to exhaustion.  *See Albino*, 747 F.3d at 1170 ("[A] district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit" (citation omitted)); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review).

We do not consider Smith's contentions regarding the district court's

dismissal of his claims against defendants Johal, Zepp, and Klang because a prior decision of this court affirmed the dismissal of those claims in Case No. 17-15252. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the law of the case doctrine, an appellate court panel will not reconsider questions that another panel has previously decided in the same case).

We reject as unsupported by the record Smith's contentions that the magistrate judge behaved improperly or violated his due process rights.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Smith's motion to take judicial notice (Docket Entry No. 21) is denied.

**AFFIRMED.**

18-15492